**MANDATE**

21-6631
Hasan v. Garland

BIA
Conroy, IJ
A206 147 863

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-three.

PRESENT:
SUSAN L. CARNEY,
WILLIAM J. NARDINI,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

_____

MOHAMMAD HASAN,
*Petitioner,*

v.    21-6631
NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:    Khagendra Gharti-Chhetry, Esq., New York, NY.

MANDATE ISSUED ON 01/22/2024

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Andrew N. O'Malley, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammad Hasan, a native and citizen of Bangladesh, seeks review of a November 18, 2021, decision of the BIA affirming a November 20, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hasan*, No. A 206 147 863 (B.I.A. Nov. 18, 2021), *aff'g* No. A 206 147 863 (Immig. Ct. N.Y. City Nov. 20, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Hasan challenges the agency's denial of a continuance, as well as the agency's denial of asylum, withholding of removal, and CAT relief.

2

**I.      Continuance and Due Process**

We review the agency's denial of a continuance for abuse of discretion, *Roman v. Garland*, 49 F.4th 157, 166 (2d Cir. 2022), and we review a due process claim de novo, *see Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020).   An IJ "may grant a continuance for good cause shown," 8 C.F.R. § 1003.29,[1] and is "accorded wide latitude in calendar management"; however, an abuse of discretion will be found if the IJ's "decision rests on an error of law . . . or a clearly erroneous factual finding" or if the decision "cannot be located within the range of permissible decisions," *Morgan v. Gonzales*, 445 F.3d 549, 551–52 (2d Cir. 2006) (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).   Moreover, to establish a due process violation stemming from the denial of a continuance, Hasan had to establish that he was "denied a full and fair opportunity to present [his] claims" or that the agency "otherwise deprived [him] of fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted), and that he was prejudiced, *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).

---

[1] Citations refer to the version of the regulations in place at the time of the IJ's decision.   *See Garcia v. Garland*, 64 F.4th 62, 67 n.3 (2d Cir. 2023).

The agency did not abuse its discretion or deprive Hasan of due process. Hasan has abandoned a claim that the agency erred in denying a continuance to obtain supporting documents. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (finding claim abandoned when it was not raised in petitioner's brief). In any event, the IJ reasonably denied a continuance because Hasan's application had been pending for more than three years, he had been represented throughout that period, and his motion did not identify why he had been unable to obtain documents earlier. Despite additional time to produce documents after the hearing, Hasan failed to timely do so, and has not explained his failure to comply with the deadline.[2]

As to Hasan's request for a continuance based on his medical condition, he did not corroborate that he had back pain and required medication, nor did he identify any adverse effects of any medication. *See Pretzantzin v. Holder*, 736 F.3d 641, 651 (2d Cir. 2013) (holding that "the arguments of counsel are not evidence"). As the BIA observed, the medical record Hasan presented on appeal did not

---

[2] Hasan does not challenge the BIA's decision not to consider those documents for the first time on appeal (or remand for their consideration). We therefore decline to address this abandoned issue. *See Yueqing Zhang*, 426 F.3d at 541 n.1.

establish that his ability to testify was impaired, as it did not address whether he had back pain or was taking medication on the day of his hearing, or describe the severity of his self-reported drowsiness from pain medication.

Hasan also faults the IJ for failing to inquire about the effects of his medication. But the IJ was not required to do so under the circumstances. "[A]n alien is presumed to be competent to participate in removal proceedings" and, "[a]bsent indicia of mental incompetency, an [IJ] is under no obligation to analyze an alien's competency." *Matter of M-A-M-*, 25 I. & N. Dec. 474, 477 (B.I.A. 2011). Hasan's attorney never asserted that Hasan was not competent; his argument was that Hasan was not prepared to testify because his medical condition had hindered his ability to consult with counsel the night before the hearing. Moreover, although the IJ identified issues with Hasan's demeanor, his testimony does not suggest that he was not competent.

**II. Credibility**

We review an adverse credibility determination "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

§ 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, . . . and any inaccuracies or falsehoods in such statements without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The agency reasonably relied on inconsistencies in Hasan's statements about whether and how he was harmed in 2010, and on his evasive and nonresponsive answers to questions about those inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) (affording "particular deference" to an IJ's demeanor finding because the IJ is "in the best position to evaluate whether apparent problems in the . . . testimony

suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question" (quotation marks omitted)). During his credible fear interview, Hasan stated that he was first harmed in November 2012.[3] On direct examination at his hearing, Hasan testified that members of an opposing party attacked him twice, in December 2011 and November 2012. His written statements also described an assault in 2010. On cross-examination, Hasan contradicted both his prior testimony and the written statements regarding whether he was home during the 2010 assault, when he escaped, whether his parents were beaten, whether he was beaten, and whether his parents reported this incident to the police; and he offered shifting and nonresponsive explanations for these inconsistencies.

The agency was not required to accept his inconsistent explanations, and his explanation that there were two incidents in 2010 did not resolve the inconsistency about whether there was a 2010 assault. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d

---

[3] Hasan does not challenge the reliability of the credible fear interview record. *See Yueqing Zhang*, 426 F.3d at 541 n.1; *see also Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) (holding that the agency may consider statements at a credible fear interview when assessing credibility so long as "the record of [the] . . . interview displays the hallmarks of reliability").

Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Hasan's explanation here that he did not initially mention one 2010 incident because it was not an "attack" does not explain why he failed to mention the other 2010 incident at his interview or on direct examination. Hasan also argues that he omitted the 2010 attack because he was worried about not having supporting documents, he was impaired by pain medications, and he did not have an opportunity to review his full application before the hearing. However, he affirmed that his application and statement were accurate at the beginning of his hearing, and an update he admitted reviewing was about the 2010 incident. Hasan's responses at the hearing do not compel a conclusion that he was having difficulty understanding the proceedings. *Id.* at 81 n.1 (observing that IJs are generally in the best position to decide whether a witness understood questions).

As the Government argues, Hasan's argument that there were interpretation problems during the hearing is unexhausted and therefore not properly before us. *See Ud Din v. Garland*, 72 F.4th 411, 419 (2d Cir. 2023) (explaining that issue exhaustion is "mandatory" when the Government raises it).

8

And there is no merit to Hasan's argument that the IJ failed to recognize that his testimony was consistent in other respects because some false statements may infect the entirety of the testimony. *See Siewe v. Gonzalez*, 480 F.3d 160, 170 (2d Cir. 2007) ("An IJ may, either expressly or impliedly, rely on [the maxim false in one thing, false in everything] to discredit evidence that does not benefit from corroboration or authentication independent of the petitioner's own credibility." (emphasis omitted)).

We agree with Hasan that the distinction between his descriptions of himself as a "simple" or "general" worker was not strongly probative of his credibility. *See Gurung v. Barr*, 929 F.3d 56, 61 (2d Cir. 2019) (holding that "trivial differences in the wording of statements describing the same event are not sufficient to create inconsistencies . . . especially . . . where an immigrant applicant is relying on an interpreter to convey his story"). But the IJ relied on Hasan's inconsistent descriptions of his activities in addition to his title and acknowledged that the inconsistency was minor. Even assuming error in this one finding, remand is not warranted given the other inconsistencies. *Id.* at 62.

Further, the agency did not err in finding that the documentary evidence failed to rehabilitate Hasan's claim or otherwise satisfy his burden of proof. "An

9

applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).[4] The only evidence Hasan provided to the IJ to corroborate his alleged persecution was an affidavit from his brother in the United States. The agency reasonably gave minimal weight to that document because it was from an interested party who was not made available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (deferring to IJ's decision to accord "little weight" to letters from declarants who were "interested parties" and not available for cross-examination). No other evidence in the record before the IJ corroborated Hasan's alleged political activities and past abuse.

In sum, the multiple inconsistencies related to an event that was a basis of

---

[4] Hasan challenges the IJ's conclusion that corroborating evidence was reasonably available. That challenge is misplaced. Because the agency found Hasan not credible, the absence of other evidence—regardless of its availability—prevented him from rehabilitating his testimony. *See Biao Yang*, 496 F.3d at 273.

Hasan's claim and the lack of reliable corroboration constitute substantial evidence for the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir. 2006) ("Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements . . . about matters material to [a] claim of persecution . . . , a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise."); *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

11